UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN MASTERS,

                         Petitioner,
   v.                                                     9:25-CV-0267
                                                                     (DNH)
SUPERINTENDENT; COS,

                         Respondents.
_____

APPEARANCES:                                                 OF COUNSEL:

STEVEN MASTERS
Petitioner, pro se
04-A-6496
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex.").[1] Petitioner also applied for court-appointed counsel. Dkt. No. 2.

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On March 5, 2025, the case was administratively closed due to petitioner's failure to properly commence it.  Dkt. No. 3, Administrative Order.  Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a properly certified application to proceed in forma pauperis ("IFP").  *Id.* at 2.[2]  Petitioner remitted the statutory filing fee, and the action was restored to the Court's active docket, permitting the undersigned to conduct an initial review of the pleading.  Dkt. No. 4, Letter; Dkt. Entry dated 03/10/25 (memorializing the receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening the case).

Upon review, and for the reasons outlined below, the petition must be transferred to the Second Circuit.

## II.   PREVIOUS HABEAS PETITIONS

Petitioner has previously filed a habeas petition in the Northern District of New York.  *See Masters v. Bell*, No. 9:19-CV-0127 (LEK) ("*Masters I*").

In *Masters I*, petitioner challenged his 2004 criminal conviction, from Schenectady County, pursuant to a guilty plea, for various felonies stemming from two home invasions, including sexual assault.  *See Masters I*, 2020 WL 1434139, at *1 (N.D.N.Y. Mar. 24, 2020) (citing *People v. Masters*, 36 A.D.3d 599 (3rd Dep't 2007)).  Petitioner argued that he was entitled to federal habeas relief because:

> (1) he is actually innocent, Pet. at 5–6; (2) the judgment is invalid as he lacked competence to enter a knowing and voluntary plea, *id.* at 7–8; (3) the trial court erred in not

---

[2] The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a).

> ordering a competency hearing, *id.* at 8–10; and (4) his trial counsel was ineffective for (a) not requesting a competency evaluation, (b) allowing him to plead guilty while he was incompetent, and (c) forfeiting an insanity defense, *id.* at 10–11.

*Id.* at *2. This Court found that petitioner's action was untimely, and no tolling or equitable considerations applied; therefore, the petition was denied and dismissed in its entirety. *Id.* at *2–*8; *see also Masters I*, Dkt. No. 20, Judgment.

Thereafter, petitioner filed a Notice of Appeal, *Masters I*, Dkt. No. 22, Notice of Appeal; however, it was deemed in default and ultimately dismissed for petitioner's failure to file the proper paperwork, Dkt. No. 24, Mandate.

### III. <u>PRESENT HABEAS PETITION</u>

The present petition also challenges petitioner's 2004 state court conviction, from Rensselaer County, for various felonies including burglary, attempted rape, and attempted criminal sexual acts. Pet. at 1; *accord* Ex. at 5 (outlining the direct appeal of petitioner's underlying state court conviction, whereupon petitioner pled guilty in 2004, and the appeal was ultimately denied on January 24, 2007).

It is unclear what relief petitioner seeks. However, given the attached affirmation filed in support of the petition, the undersigned assumes that petitioner intends to repeat the claims articulated therein. Ex. at 13. Specifically, that (1) petitioner is actually innocent; (2) his counsel was constitutionally ineffective; (3) petitioner was mentally incompetent throughout the criminal trial proceedings; (4) there was prosecutorial misconduct; and (5) the "judgment was

obtained in violation of [petitioner's] rights under . . . the United States Constitution of Due Process and Effective Assistance of Counsel." Ex. at 13–28.

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. *See* 28 U.S.C. § 2244(a) ("[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). "A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits." *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010) (internal quotation marks and citations omitted); *see also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)–(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a

second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).[3]

Petitioner is challenging the same conviction which he previously disputed in his prior habeas action. *Compare* Pet. at 1 (contesting his 2004 conviction, from Rensselaer County, upon a guilty plea for burglary and attempted sexual acts) *with Masters I*, 2020 WL 1434139, at *1 (same). Further, *Masters I* was dismissed as untimely, which constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on

---

[3] The Second Circuit rested its decision on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review." *Liriano*, 95 F.3d at 122. "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include . . . a finding that the original action was filed in good faith." *Id.* (internal quotation marks and citations omitted). In *Liriano*, the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements." *Id.*

the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions[.]"). Accordingly, both prongs of the second or successive petition test have been satisfied.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals so petitioner can receive permission, and this Court can be authorized, to further proceed with the instant action. *Torres*, 316 F.3d at 151–52. Consequently, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

V.   **CONCLUSION**

Therefore it is

ORDERED that

1. The Clerk shall transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court;

2. Petitioner's motion for appointment of counsel, Dkt. No. 2, is DENIED without prejudice as premature, pending the Second Circuit's determination on whether petitioner should be permitted to file a second or successive habeas petition in the district court; and

3. The Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: March 19, 2025
Utica, New York.